J-S42034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELIJAH MOORER, JR. | : | |
| | : | |
| Appellant | : | No. 709 MDA 2024 |

Appeal from the Order Entered May 3, 2024
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000532-2013

BEFORE: LAZARUS, P.J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: DECEMBER 3, 2024**

Appellant, Elijah Moorer, Jr., appeals *pro se* from the trial court's May 3, 2024 order denying his *pro se* "Motion to Modify Sentence *Nunc Pro Tunc* Reduction of Sentence." After careful review, we affirm.

The facts underlying Appellant's convictions are not germane to our disposition of his instant appeal. Procedurally, we note that on December 9, 2013, Appellant pled guilty to multiple drug and firearm offenses. On March 31, 2015, the court sentenced Appellant to an aggregate term of 36 to 72 years' incarceration. We affirmed his judgment of sentence on February 10, 2016, and he did not seek review with our Supreme Court. *See* ***Commonwealth v. Moorer***, 141 A.3d 591 (Pa. Super. 2016) (unpublished memorandum).

Appellant thereafter filed several petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, all of which were denied. Most

recently, this Court affirmed the denial of a petition filed by Appellant on February 27, 2023, concluding that it was untimely. *See Commonwealth v. Moorer*, 311 A.3d 597 (Pa. Super. 2023) (unpublished memorandum).

On February 16, 2024, Appellant filed another *pro se* PCRA petition. Therein, he claimed that "his conviction was void *ab initio*" because a mandatory minimum sentence imposed in his case is illegal under *Alleyne v. United States*, 570 U.S. 99, 106 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). PCRA Petition, 2/16/24, at 1 (unnumbered); *id.* at 3-4 (unnumbered). Appellant insisted that this alleged "miscarriage of justice should meet the [t]ime-[b]ar [e]xception" of the PCRA. *Id.* at 1 (unnumbered; emphasis omitted). On March 28, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, and directed that Appellant had 20 days to respond.

On April 25, 2024, Appellant filed the *pro se* "Motion to Modify Sentence *Nunc Pro Tunc* Reduction of Sentence" underlying his instant appeal. Nowhere in that document did Appellant indicate that he intended his motion to constitute a response to the court's Rule 907 notice pertaining to his February 16, 2024 PCRA petition, and he did not address the PCRA court's conclusion

that his claims raised in the PCRA petition were untimely.  Instead, Appellant raised a completely new and unrelated claim that he should be resentenced under the newly-adopted 8th Edition of the Sentencing Guidelines.

On May 3, 2024, the court issued an order stating it was denying Appellant's motion to modify his sentence.  The court noted that, according to 204 Pa. Code § 303a.2(a)(3), "[t]he [S]entencing [G]uidelines shall apply to all offenses committed on or after the effective date of the guidelines.  Editions or amendments to the [S]entencing [G]uidelines shall apply to all offenses committed on or after the effective date of the edition or amendment to the guidelines."  Order, 5/2/24, at 1 (unnumbered).  Because the 8th Edition to the Sentencing Guidelines became effective on January 1, 2024, the court concluded that it did not apply to Appellant, who was sentenced in December of 2013.  *Id.* at 1-2 (unnumbered).

On May 17, 2024, Appellant filed a *pro se* notice of appeal, stating that he "is appealing the [o]rder denying [his ']Motion to Modify Sentence *Nunc Pro Tunc* Reduction of Sentence[']…."  Notice of Appeal, 5/17/24, at 1 (single page).  The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied.  In his 8-page concise statement, however, Appellant reasserted the claims he raised in his February 16, 2024 *pro se* PCRA petition, *i.e.*, that his sentence is illegal under **Alleyne**, and that his petition should be considered timely under a 'miscarriage of justice' exception.  **See** Rule 1925(b) Statement, 6/20/24, at 2-3.  On June 25, 2024, the PCRA court filed a 2-page opinion, reiterating that

- 3 -

it denied Appellant's "Motion to Modify Sentence *Nunc Pro Tunc* Reduction of Sentence" because the 8th Edition Sentencing Guidelines became effective in January of 2024 and, thus, they do not apply to Appellant's 2013 sentence. ***See*** Trial Court Opinion, 6/25/24, at 1-2. The court did not address any of Appellant's other claims.

Now, on appeal, Appellant contends that his convictions and sentences are unconstitutional and illegal under ***Apprendi***, ***Alleyne***, and their progeny. He insists that illegality-of-sentence claims are non-waivable and, therefore, he may assert them in the instant petition, despite its facial untimeliness. These are the claims Appellant raised in his *pro se* PCRA petition filed on February 16, 2024. However, the order from which he appeals ruled **only** on his "Motion to Modify Sentence *Nunc Pro Tunc* Reduction of Sentence," which raised a new claim distinct from anything asserted in Appellant's PCRA petition. Appellant develops no argument on appeal that the court erred in denying the Sentencing Guideline claim raised in that motion; thus, he has waived any such issue for our review. ***See Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived."). Accordingly, we affirm the court's May 3, 2024

order denying Appellant's "Motion to Modify Sentence *Nunc Pro Tunc* Reduction of Sentence."

We recognize that the PCRA court arguably should have treated Appellant's "Motion to Modify Sentence *Nunc Pro Tunc* Reduction of Sentence" as a response to its Rule 907 notice, or as an attempt to file an amended PCRA petition, although Appellant did not clearly indicate his intent for it to be considered as such. However, the court acted on Appellant's motion as if it were a wholly separate filing unrelated to his February 16, 2024 PCRA petition, and the court has yet to grant or deny that petition. Thus, the arguments Appellant raises herein regarding his PCRA petition are premature, and Appellant must wait until the court rules on that pending petition to assert them.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/03/2024